UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT HALL, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 1:09-CV-075 RM |
| v. | ) |
| | ) |
| KEMPER DOTTS, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Robert Hall, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 551 U.S.89, ___; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. at 555, *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Hall alleges that he was denied access to the courts in four different ways. First he alleges that he was restricted to one pen a month and four sheets of paper. As a result, he alleges that he was unable to file a notice of appeal in his state criminal case. It is unclear how many sheets of paper Mr. Hall believes are necessary to initiate a notice of appeal, but it is clear that he didn't use even a single piece of paper to write to the State court and express a desire to appeal. During the 30 days that IND. R. APP. P. 9.A.(1) provided him to file a notice of appeal, Mr. Hall would have acquired at least sixteen sheets of paper. This is more than enough for him to have initiated his appeal and notified the court of his perceived inability to proceed due to a lack of paper. Furthermore, as an indigent, he was entitled to appointed counsel on appeal pursuant to INDIANA CODE 33-40-1-2(a). Because having only four sheets of paper a week didn't prevent him from writing to the court, this limitation did not deny him access to the court and he has not stated a claim.

Second, Mr. Hall argues that he was denied access to the court because the law computer was inadequate. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). Because Mr. Hall, though able to do so and knowing that he needed to, didn't timely attempt to contact the State court to initiate an appeal, no deficiencies in the law library were the cause of his injury. Therefore the theoretical inadequacy of the law computer does not state a claim.

Third, Mr. Hall alleges that he was denied the addresses of the State and federal courts. As for the address of the state court, the lack of an exact street address would not

3

have prevented him from mailing a notice of appeal to the LaGrange County Clerk. He was housed in the LaGrange County Jail in the town of LaGrange, Indiana. It would have been sufficient to have merely addressed the letter:

> LaGrange County Clerk
> LaGrange, Indiana

As for the address of the federal court, Mr. Hall suffered no injury by being delayed: the statute of limitation hasn't prevented him from bringing any claims. Therefore the denial of addresses did not deny him access to the courts and he does not state a claim.

Fourth, Mr. Hall alleges that he was given a complaint form from the United States District Court for the Northern District of New York and erroneously informed that a Writ of Habeas Corpus was the same as a Writ of Mandamus. He argues that this proves that the defendants do not know what they are doing and that he could have been injured if he had used that form or listened to the mistaken advice. Nevertheless, he was not injured as a result of either, much less actually denied access to the courts. Therefore he does not state a claim.

Finally, Mr. Hall argues that he has suffered injury because he is forever barred from appealing his criminal conviction. Though true, that injury was not caused by the defendants denying him access to the court. Rather, Mr. Hall simply did not use the means he had available to send a notice of appeal to the LaGrange County Clerk. Because he does not state a claim, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: March  30 , 2009

                                                            /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court