UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT HALL, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 1:09-CV-075 RM |
| v. | ) |
| | ) |
| KEMPER DOTTS, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Robert Hall, a *pro se* prisoner, filed a motion captioned, "Petition to Reinstate the Complaint or issue a Certificate of Appeal." Mr. Hall argues that the court misunderstood the facts of his case and misapplied the law. The court, after reading the complaint, concluded that he was attempting to state a claim against the defendants because they prevented him from filing a notice of appeal by denying him more than one pen a month and four sheets of paper a week. This conclusion was based on many statements throughout his 61-page complaint, but two will suffice to illustrate the point. "The criminal access denied was Plaintiff's right to file a timely notice of appeal in his LaGrange County Circuit Court guilty plea conviction . . .." Complaint at 7, DE 1.

> Because Plaintiff Hall was time-barred from filing a State court appeal due to Defendants denying him requested legal pen and paper in which to write his notice of appeal and then actual appeal - he has received an actual injury by the actions of Defendants.

Complaint at 26, DE 1.

Despite these statements, Mr. Hall now states that, "Plaintiff filed a handwritten notice of appeal with the LaGrange Circuit Court, LaGrange, Indiana on September 29, 2008 on notebook paper." Motion at ¶ 6, DE 6 at 2. Indeed, he has attached a copy of that filing. Had Mr. Hall provided this information in his original complaint, the court would have dismissed his case because he had not demonstrated any injury and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). Nevertheless, it wasn'terror for this court to accept his original claims; indeed it was required to do so. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Nevertheless, because Mr. Hall now states that he filed a notice of appeal, he has no basis for his allegation that the defendants denied him access to the courts.

In addition, he now argues that he could not continue with his appeal, even though he filed it, because Indiana Appellate Rule 43 required that his filings be typed on 8.5" by 11" white paper and bound with a blue cover. He argues that because he had only smaller, lined notebook paper, he could not comply with that rule. He doesn't allege, and based on these filings it isn't reasonable to infer, that he sought leave to submit his filings on lined notebook paper, that he sought the assistance of the State courts to obtain the proper paper, nor that he sought additional time to met his State court filing deadlines. Neither does he allege that any of his State court filings were rejected because of the formatting requirements that he discusses.

> The Supreme Court has also made it clear that a prisoner's right of access to the courts does not guarantee the effective presentation of his civil claims. The right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court.

Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (footnote, quotation marks, citations and ellipsis omitted). Mr. Hall wasn't shut out of court: he filed his notice of appeal and the defendants weren't obligated to empower Mr. Hall "to litigate effectively once in court." Lewis v. Casey, 518 U.S. 343, 354 (1996). Lewis only required that an inmate be given access to file a complaint or appeal. Mr. Hall filed his notice of appeal. Therefore he was not denied access to the court. The defendants are not liable for his ineffectiveness in communicating with the State court.

Because the defendants didn't deny Mr. Hall access to the courts, this case was properly dismissed and it will not be reinstated. A certificate of appealability is not appropriate in this case and will not be issued. *See* Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997).

For the foregoing reasons, the motion (DE 6) is DENIED.

SO ORDERED.

ENTERED: May __4__, 2009

                                          /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court

cc: R. Hall